PATRICK RYAN

v.

E. SANFORD.

*Trust Deeds—Sale—Bill to Redeem—Evidence—Usury—Record—Depositions.*

Upon a bill to redeem certain premises after a sale under a power contained in a trust deed, it is *held:* That the equity of redemption was cut off and foreclosed by the sale and trustee's deed, the evidence disclosing no different intention at the time of the sale; that, in the absence of a mortgage from which to redeem, it is useless to inquire whether the original transaction was tainted with usury; and that it is to be presumed that the depositions were considered at the hearing.

[Opinion filed January 7, 1888.]

IN ERROR to the Circuit Court of Kankakee County; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. STEPHEN R. MOORE, for plaintiff in error.

Mr. E. SANFORD, in person, defendant in error.

BAKER, J.   This was a bill to redeem forty acres of land, and was filed by Ryan against Sanford.  A trust deed was executed by Ryan in January, 1877, to John Trowbridge, and was afterward by Trowbridge assigned to George Wilkinson; and on August 26, 1878, Wilkinson, by virtue of the powers contained in the trust deed, advertised and sold the premises, at a public vendue, to E. Sanford, the defendant in error, and executed to him a trustee's deed.   The bill charged the contract, to secure which the mortgage was given, was usurious, and also fraud and collusion to cheat and swindle and collect illegal interest, and that after Sanford obtained the trustee's deed he told Ryan that if he would become his, Sanford's, tenant at will, he might have the land back by paying up the money and interest due under the mortgage.   The bill

also averred that Ryan had paid to Sanford about $300 as interest, rent and taxes, and had tendered to him the money due on the mortgage. The answer denied all the material allegations of the bill. The cause was heard at the September term, 1884, of the Kankakee Circuit Court, and the bill dismissed at the cost of Ryan, the plaintiff in error.

The decree recites that the evidence was heard; but there were no findings of fact contained therein. There is no certificate of the evidence; but the record contains three depositions which the circuit clerk certifies are on file, and which form a part of the record in the cause.

The land was sold in conformity with the power given in the trust deed, and conveyed to Sanford by virtue of authority emanating directly from plaintiff in error himself. It is not even claimed there was not a valid execution of the power. It is clear the equity of redemption was cut off and foreclosed by the sale and trustee's deed, unless, either it was the intention of the parties at the time to keep the mortgage alive notwithstanding such sale and conveyance, or their conduct was such after sale as to indicate they regarded and treated the deed under the sale, or the transaction, as a mortgage. The evidence precludes the idea of any such intention at the time of the sale and execution of the trustee's deed. Subsequently Sanford when applied to, offered to reconvey the land to Ryan for much less than its actual value, but his offer was not accepted. Ryan himself testifies that Sanford did not promise to let him have the land back upon his paying up the money and interest. It further appears that he expressly recognized the conveyance to Sanford was absolute, by taking from him, for three consecutive years, written leases of the land, and by paying him rent therefor. There is nothing in the proofs to indicate these payments were regarded or intended, by either party, as either payments or interest on payments on a mortgage indebtedness. They were both made and received as rent for the land. Ryan states in his deposition that he paid Sanford rent for the land; $75 rent the first year, $80 the second year, and $80 the third year.

There being no mortgage to redeem from, it is useless to

inquire whether the original transaction in which the trust deed was given was or was not tainted with usury.

The depositions on file, and which we have referred to above, form a part of the record in this suit without any certificate of the Judge, and we must presume they were considered at the hearing. Moss v. McCall, 75 Ill. 190. They sufficiently support the order and decree of the court. Taking the record as it stands, the decree was correct and the bill properly dismissed.

If there was other testimony heard which tended to impeach the decree, plaintiff in error should have preserved it in a certificate of the evidence. But it is not even suggested there was such additional testimony.

We find no error. The decree is affirmed.

*Decree affirmed.*